```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
KAI MARTINEZ,                                            ORDER

                                                         18-CV-4129 (KAM)
                Plaintiff,

                -against-

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Credit Suisse First Boston
Mortgage Securities Corp.,
CSAB Mortgage-Backed Trust 2006-2;
BOARD OF MANAGERS OF SEAVIEW CONDOMINIUMS;
BOARD OF MANAGERS OF POINT MANAGEMNT
CO.; CARVER FEDERAL SAVINGS BANK; MERS,
INC. as Nominee for Credit Suisse
Financial Corporation,

                Defendants.
----------------------------------------x
```
**MATSUMOTO, United States District Judge:**

On July 16, 2018, Plaintiff Kai Martinez, commenced the instant *pro se* action seeking to vacate the foreclosure and sale of his home, and seeking an injunction prohibiting the sale or transfer of the property. By memorandum and order dated December 6, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, denied his request for a preliminary injunction, dismissed the complaint without prejudice, and granted Plaintiff thirty days leave to file an amended complaint. Plaintiff was informed of the requirements for the amended complaint and informed that if he failed to comply with the December 6, 2018 order, the action would be dismissed. The December 6, 2018 order was served on

1

Plaintiff by mail, but was returned to the Court with the notation "Return to Sender, Refused, Unable to Forward," and plaintiff failed to file an amended complaint within the thirty days ordered by the court. Plaintiff failed to notify the court of any change to his address and, despite the efforts of the court to locate an address at which plaintiff could be served, no updated address for plaintiff was found. *See Citak v. More Consulting Corp.*, No. 17-CV-6049, 2018 WL 5311411, at *2 (E.D.N.Y. Oct. 25, 2018) (citations omitted) (holding that "the duty to inform the [c]ourt and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs," and failure to inform the court of a change in mailing address may result in a dismissal under Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute).

By Order dated February 15, 2019, Plaintiff was granted until March 14, 2019, to submit an amended complaint. Plaintiff was advised that this was his final opportunity to comply with the Court's Orders and that failure to do so would result in dismissal of the action for failure to prosecute and failure to comply with Court orders, pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff failed to file an amended complaint, and on March 11, 2019, the February 15, 2019 letter sent to plaintiff at his last known address was returned as undeliverable.

Accordingly, the Clerk of Court is respectfully directed to enter judgment dismissing this action, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to serve *pro se* plaintiff with a copy of this order and the judgment at his last known address of record, by April 3, 2019, and to note service on the docket.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 1, 2019

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge